UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TAKETRA MURRAY,<br><br>                    Plaintiff,<br>    v.<br>AMERICAN EXPRESS CENTURION LOUNGE,<br><br>                    Defendant. | Case No. 2:14-cv-01925-APG-PAL<br><br>ORDER<br><br>(IFP App – Dkt. #1) |

Plaintiff Taketra Murray is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and she submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.  In Forma Pauperis Application (Dkt. #1).**

Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.  Screening the Complaint**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from

1

1 the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v.*
2 *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

3       Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
4 complaint for failure to state a claim upon which relief can be granted.  Review under Rule
5 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of*
6 *America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly-pled complaint must provide a short and
7 plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2);
8 *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require
9 detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic
10 recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
11 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled
12 factual allegations contained in the complaint, but the same requirement does not apply to legal
13 conclusions.  *Id.*  Mere recitals of the elements of a cause of action, supported only by
14 conclusory allegations, do not suffice.  *Id.* at 679-80.  Secondly, where the claims in the
15 complaint have not crossed the line from plausible to conceivable, the complaint should be
16 dismissed.  *Twombly,* 550 U.S. at 570.

17       Plaintiff's complaint attempts to state a claim for violation of Title VII of the Civil Rights
18 Act of 1964, 42 U.S.C. §§ 2000e et seq., against her former employer, Defendant American
19 Express Centurion Lounge, alleging discrimination on the basis of race and retaliation.  Plaintiff
20 alleges that in May, 2013, she reported to Defendant's human reseouces department that her
21 general manager, Joanne Belonzi, and assistant general manager were "verbally assaulting"
22 Plaintiff.  Additionally, Plaintiff reported to HR that Ms. Belonzi had hired employees and given
23 them higher seniority rankings than others.  Ms. Belonzi allegedly told Plaintiff she was aware of
24 these "little conversations" with HR, and subsequently, Belonzi altered Plaintiff's schedule and
25 reduced her hours.   Plaintiff also alleges Belonzi allowed extended undocumented lunch breaks
26 and grace periods to her assistant manager.  Plaintiff contends that she spoke to Belonzi about an
27 illness, and Belonzi disclosed Plaintiff's confidential information to Plaintiff's colleagues.
28 Plaintiff asserts that Belonzi made her remove nail polish that others were permitted to wear, and

that Belonzi told Plaintiff she should not wear "black hairstyles," although other women wore highlights and streaks and "koolaid red" color in their hair. Plaintiff contends Belonzi manipulated her into an argument, and on June 2, 2013, Belonzi fired Plaintiff for no reason except that Belonzi "did not really like blacks."

Plaintiff is attempting to state a Title VII claim against her employer, alleging discrimination on the basis of race and retaliation for reporting her supervisor's conduct to Defendant's human resources department. Title VII allows a plaintiff to sue an employer for discrimination on the basis of race, color, religion, gender or national origin, but it limits liability to an employer. *See* 42 U.S.C. § 2000e(b).[1]

As an initial matter, the complaint does not state a Title VII claim upon which relief can be granted because Plaintiff has not alleged that she has exhausted her administrative remedies through the state or the federal Equal Employment Opportunity Commission ("EEOC"), a prerequisite to filing a lawsuit in federal court alleging claims under Title VII. When an employee files charges with the EEOC, it investigates, attempts to reach a settlement, and decides whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id.* If the EEOC or Attorney General decides not to sue, and if there is no settlement that is satisfactory to employee, the EEOC will issue the employee a right to sue letter, and she will have exhausted her remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). An employee may only sue her employer for violation of Title VII after she has received a right to sue letter. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26 (1990). Here, Plaintiff has not alleged she has exhausted her administrative remedies, and her complaint will be dismissed with leave to amend.

If Plaintiff chooses to file an amended complaint, she is advised that in order to state a Title VII discrimination claim, she must allege: (a) she belonged to a protected class; (b) she was

---

[1] An individual cannot be held liable under Title VII. *See Miller v. Maxwell's Internat'l, Inc.,* 991 F.2d 583, 578 (9th Cir. 1993). However, an employer may be vicariously liable for an employee's conduct that violates Title VII. *See Vance v. Ball State Univ.,* -- U.S. --, 133 S. Ct. 2434, 2439 (Jun. 24, 2013). If the allegedly discriminating employee is a supervisor, and the supervisor's conduct results in a "tangible employment action," the employer is strictly liable. *Id.*

1 qualified for her job; (c) she was subjected to an adverse employment action; and (d) similarly
2 situated employees not in her protected class received more favorable treatment. *Moran v. Selig*,
3 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.
4 2002)). *See* 42 U.S.C. § 2000e-3(e). Here, Plaintiff has alleged that she belongs to a protected
5 class, and her supervisor told her not to wear "black hairstyles," although other employees were
6 permitted to wear highlights, streaks, and "koolaid red" hair, and Plaintiff alleges she was
7 terminated. However, she has not alleged that she was qualified for her job.

8 Additionally, with respect to Plaintiff's retaliation claim, she must allege: (1) that she
9 committed a protected act, such as complaining about discriminatory practices; (2) that she
10 suffered some sort of adverse employment action; and (3) there was a causal connection between
11 the employee's action and the adverse act. *See Davis v. Team Elec Co.*, 520 F.3d 1080, 1093-94
12 (9th Cir. 2008). Under Title VII, where an employee opposes an unlawful practice, he or she has
13 engaged in a protected activity. Here, Plaintiff alleges her hours were reduced when she
14 complained to the human resources department that Belonzi verbally assaulted her and others.
15 However, Plaintiff does not allege that she reported any discriminatory activity, and therefore,
16 she has not alleged she was engaged in a "protected act."

17 If Plaintiff chooses to file an amended complaint, she should set her claims forth in short
18 and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S.
19 506, 514 (2002); Fed. R. Civ. P. 8. Plaintiff should support each of her claims with factual
20 allegations, because a "formulaic recitation of the elements" of these claims will not suffice.
21 *Iqbal*, 556 U.S. at 678. Additionally, the court cannot refer to a prior pleading in order to make
22 an amended complaint complete. Local Rule 15-1 requires that an amended complaint be
23 complete in itself without reference to any prior pleading. This is because, as a general rule, an
24 amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th
25 Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any
26 function in the case. Therefore, in an amended complaint, as in an original complaint, each
27 claim and the involvement of each defendant must be sufficiently alleged.
28 / / /

4

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed in forma pauperis is GRANTED. Plaintiff shall not be required to pay the filing fee of four hundred dollars.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the complaint but shall not issue summons.

4. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND.

5. Plaintiff shall have until **March 4, 2015**, to file an amended complaint, if she believes she can correct the noted deficiencies. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" below the case number, **2:14-cv-01925-APG-PAL**, on page 1 in the caption.

7. Plaintiff is expressly cautioned that if she does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 4th day of February, 2015.

PEGGY A. LEEN  
UNITED STATES MAGISTRATE JUDGE