UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TAKETRA MURRAY,<br><br>               Plaintiff,<br>v.<br><br>AMERICAN EXPRESS CENTURION LOUNGE,<br><br>               Defendant. | Case No. 2:14-cv-01925-APG-PAL<br><br>**AMENDED SCREENING ORDER**<br><br>(Am. Compl. – Dkt. #4) |

This amended screening order is entered to correct the date in which Plaintiff must complete service of process to reflect February 26, 2016 on the last page of this order, rather than February 26, 2015. No other changes have been made to this amended screening order.

This matter is before the Court on Plaintiff Taketra Murray's Amended Complaint (Dkt. #4). This proceeding is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

Plaintiff is proceeding in this action *pro se* and *in forma pauperis*. *See* Order (Dkt. #2). Upon review of the original complaint, the Court determined that Plaintiff failed to state a claim upon which relief could be granted and dismissed her complaint with leave to amend. *Id.* Plaintiff submitted her Amended Complaint (Dkt. #4), which the Court will now screen.

**I.    SCREENING THE AMENDED COMPLAINT**

After granting a litigant's request to proceed *in forma pauperis*, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all *in forma pauperis* complaints"). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its

1

deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**A.     Plaintiff's Factual Allegations and Claims for Relief**

In the Amended Complaint (Dkt. #4), Plaintiff names American Express Centurion Lounge and Flik/Compass Group as Defendants. Plaintiff alleges that on June 2, 2013, her former general manager, JoAnn Belonzi, wrongfully terminated her from her job as a server in Defendants' airport lounge. Plaintiff claims that JoAnn and assistant general manager, Shannon, discriminated against her and other minority employees and treated them differently because of their race. Plaintiff alleges among other things that JoAnn: (i) made derogatory comments to Plaintiff and another black female server about not wearing "black girl hair;" (ii) assigned Plaintiff to slower sections of the lounge; (iii) forced Plaintiff and other black female servers to share tips with white servers, but did not require the white servers to share tips when Plaintiff was off; (iv) hired white employees and gave them higher seniority rankings; (v) reduced Plaintiff's hours but gave white employees with lower seniority full-time hours; (vi) claimed Plaintiff had more tardies than she actually did; and (vii) forced Plaintiff to remove nail polish that other white employees were permitted to wear. Plaintiff also alleges that Shannon called a Mexican female co-worker "a lil bitch" in front of the kitchen staff.

Plaintiff alleges that she made numerous reports to Defendants' human resources department regarding JoAnn and Shannon's discriminatory practices, beginning in February 2013. After HR investigated Plaintiff's complaints, the situation became worse as JoAnn picked apart Plaintiff's job performance. Plaintiff states that she emailed a corporate manager in May 2013 about JoAnn's actions but never received a response. Defendants purportedly failed to correct the issues despite Plaintiff's numerous complaints. Plaintiff contends that JoAnn manipulated her into an argument, and on June 2, 2013, JoAnn fired Plaintiff under the false pretext of insubordination but JoAnn was actually retaliating against Plaintiff for complaining to HR. Plaintiff demands back pay of $120,000 as well as $120,000 for emotional distress and asks to have her position and seniority reinstated.

///

### B. Legal Standard

Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(a). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id.*, or lack an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Id.* at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

For purposes of § 1915's screening requirement, a properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). This requires a plaintiff to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). Mere recitals of the elements of a

cause of action supported only by conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 679–80. A complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record." *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

**C.     Analysis**

Plaintiff's Amended Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, for discrimination on the basis of race and retaliation. Title VII allows an individual to sue an employer for discrimination on the basis of race, color, religion, gender, or national origin, but it limits liability to an employer. *See* 42 U.S.C. § 2000e(b).[1] The Court finds that Plaintiff's Amended Complaint (Dkt. #4) states valid claims for discrimination and retaliation.

**1.     Plaintiff's Title VII Discrimination Claim**

To state a Title VII discrimination claim, a plaintiff must allege: (1) she is a member of a protected class; (2) she was qualified for her position and performing her job satisfactorily; (3) she experienced an adverse employment action; and (4) similarly situated individuals outside of her protected class were "treated more favorably, or other circumstances surrounding the adverse

---

[1] An individual cannot be held liable under Title VII. *See Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 578 (9th Cir. 1993). Accordingly, Plaintiff's general manager, Jo Ann Belonzi, is not a proper party to this action. However, an employer may be held vicariously liable for an employee's conduct that violates Title VII. *Vance v. Ball State Univ.*, -- U.S. ---, 133 S. Ct. 2434, 2439 (2013). If the alleged discriminating employee is a supervisor, and the supervisor's conduct results in a "tangible employment action," the employer is strictly liable. *Id.* Therefore, Plaintiff may allege that Defendants liable for JoAnn's discriminatory conduct.

4

employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *see also* 42 U.S.C. § 2000e-3(e).

Plaintiff's Amended Complaint states a Title VII claim against her former employer alleging discrimination on the basis of race. Plaintiff alleges that she belongs to a protected class and her supervisors told her not to wear "black hairstyles" and called minorities derogatory names. Plaintiff claims she was performing her job satisfactorily but her supervisor falsely accused her of having additional tardies and being insubordinate. Plaintiff further alleges she experienced numerous adverse employment actions, including being forced to share tips with white servers and having her hours reduced while white employees with lower seniority received full-time hours. These allegations state that similarly situated white employees were treated more favorably. Based on these allegations, Plaintiff's Amended Complaint states a claim for discrimination under Title VII.

### 2. Plaintiff's Title VII Claim for Retaliation

Employers may not retaliate against employees who have "opposed any practice made an unlawful employment practice" by Title VII. *See* 42 U.S.C. § 2000e-3(a); *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 (9th Cir. 2008). To state a retaliation claims in violation of Title VII, Plaintiff must allege that: (1) he or she committed a protected act, such as complaining about discriminatory practices; (2) the employee suffered some sort of adverse employment action; and (3) a causal connection between the employee's action and the adverse act. *Davis*, 520 F.3d at 1093–94; *Brown v. City of Tucson*, 336 F.3d 1181, 1192 (9th Cir. 2003). Under Title VII, where an employee files a complaint regarding an unlawful practice, he or she has engaged in a protected activity. *See* 42 U.S.C. § 2000e-3(e).

In her Amended Complaint, Plaintiff alleges her hours were reduced and she was forced to split her tips after she made numerous reports to Defendants' HR department regarding JoAnn and Shannon's discriminatory conduct. After HR investigated Plaintiff's complaints, the situation became worse as JoAnn picked apart Plaintiff's job performance and eventually fired

Plaintiff under the false pretext of insubordination. Plaintiff has alleged sufficient facts to state a claim for retaliation under Title VII.

### 3. Exhaustion of Administrative Remedies

Although the Amended Complaint states claims for discrimination and retaliation, Plaintiff did not correct the deficiency the Court pointed out in the first screening order regarding exhaustion. *See* Order (Dkt. #2) at 3. Title VII permits lawsuits against employers only when a plaintiff employee has exhausted her administrative remedies with the appropriate state agency[2] and the federal Equal Employment Opportunity Commission ("EEOC").[3] 42 U.S.C. § 2000e-5. However, exhaustion is not a jurisdictional prerequisite to filing a Title VII suit because failure to comply may be excused under equitable doctrines such as waiver, estoppel, and tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (observing that a technical reading of Title VII is an inappropriate because the statute is remedial and depends on non-lawyers for enforcement); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 121 (2002); *Brooks v. Home*, 902 F.2d 38 (9th Cir. 1990). The Court will therefore direct service of the Amended Complaint.

/ / /

---

[2] If the unlawful employment practice is alleged to have occurred in Nevada, the appropriate state agency is the Nevada Equal Rights Commission.

[3] Additionally, an employee must file a charge with the EEOC within the relevant statutory limitations period to invoke federal jurisdiction. *Porter v. Cal. Dep't of Corrections*, 419 F.3d 885, 891 (9th Cir. 2005) (citation omitted). Where a plaintiff files his complaint with a state agency, it extends the time for filing the complaint with the EEOC from 180 to 300 days. *See, e.g.*, *Laquaglia v. Rio Hotel & Casino, Inc.*, 186 F.3d 1172, 1174 (9th Cir. 1999); *see also* 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d)(2). An employee's Title VII claim is time-barred when he did not file a complaint with the EEOC within 300 days of the employer's discriminatory act. *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 845 (9th Cir. 2004) (citing 42 U.S.C. § 2000e–5(e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (noting that "discrete discriminatory acts are not actionable if time barred").
    Once an employee files charges with the EEOC, it investigates the charges, attempts to reach a settlement, and decides whether to sue the employer. 42 U.S.C. § 2000e-5. If the EEOC decides not to sue, and if there is no settlement that is satisfactory to the employee, the EEOC will issue the employee a right to sue letter and Plaintiff will have exhausted her administrative remedies. *See* 42 U.S.C. § 2000e-5(f)(1). An employee may only sue her employer for violation of Title VII after he or she has received a right to sue letter. *Id.*; *see also Yellow Freight Sys.*, *Inc. v. Donenelly*, 494 U.S. 820, 825–26 (1990). As the Ninth Circuit has explained, the "jurisdictional scope of a Title VII claimant's court action depends upon the scope of both the EEOC charge and the EEOC investigation." *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994) (citation omitted).

Accordingly,

**IT IS ORDERED:**

1. The Clerk of the Court shall issue summons to Defendants American Express Centurion Lounge and Flik/Compass Group.

2. Plaintiff is advised to carefully review Rule 4 of the Federal Rules of Civil Procedure in order to properly serve Defendants. Pursuant to Rule 4(m), Plaintiff must complete service within 120 days from the date this order, or by **February 26, 2016**.

3. From this point forward, Plaintiff shall serve upon Defendants, or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading motion or other document submitted for consideration by the court. Plaintiff shall include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Defendants or counsel for the Defendants. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge, or the Clerk that fails to include a certificate of service.

Dated this 26th day of October, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE